Kevin Ryan Behrendt CASBN#211879
Dermer Behrendt
13101 Washington Boulevard, Suite 407
Los Angeles, CA 90066
Phone: (310) 614-2492
Facsimile: (310) 954-9206
E-mail: kevin@dermerbehrendt.com

Attorney for Plaintiff

SOLO INDUSTRIES, INC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOLO INDUSTRIES, INC,<br><br>Plaintiff<br>v.<br><br>PUGET SOUND IMPORT & DISTRIBUTOR, INC. d/b/a PIPESDADDY.COM and d/b/a NORTH WEST DISTRIBUTORS, and TARIQ AHMAD, Individual<br><br>Defendants. | CIVIL ACTION NO.<br><br>COMPLAINT FOR:<br><br>1. PATENT INFRINGEMENT<br><br>2. TRADEMARK INFRINGEMENT, FALSE ADVERTISING, AND UNFAIR BUSINESS PRACTICES<br><br>3. COUNTERFEITING<br><br>4. COPYRIGHT INFRINGEMENT |

Plaintiff Solo Industries, Inc. ("SOLO") submits this Complaint for Patent Infringement, Trademark Infringement, False Advertising, Unfair Business Practices, and Counterfeiting against defendants Puget Sound Import & Distributor, Inc. doing business as ("d/b/a") Pipesdaddy.com and d/b/a North West Distributors and Tariq Ahmad as follows:

**INTRODUCTION**

1. This action seeks damages for patent infringement, trademark infringement, false advertising, unfair business practices, and product counterfeiting relating the unauthorized sale of Solopipes. The claims are made against Puget Sound Import & Distributor, Inc. d/b/a

Pipesdaddy.com and d/b/a North West Distributors and Tariq Ahmad as an officer, director, and manager of Puget Sound Import & Distributor, Inc. (collectively, "Defendants").

2. Solopipe, an integrated smoking device, is a novel invention conceived in California and marketed internationally. The Solopipe combines the functionality of a lighter with a pipe. When the Solopipe was released it was well received by the consuming public and had significant sales.

3. Solopipe has had commercial success both in the United States and internationally. SOLO owns patents and trademarks protecting the valuable intellectual property associated with the Solopipe.

4. Despite an array of intellectual property rights protecting the Solopipe, Defendants have engaged in counterfeiting. Defendants' counterfeit Solopipes deceive consumers into believing the product that they purchased is an authorized product. The consumers falsely believe, when purchasing Defendants counterfeit Solopipe, that they will receive all of the benefits of a legitimate product.

## PARTIES

5. SOLO is a corporation duly organized and operating under the laws of the State of California with its principal place of business located in the County of Los Angeles, State of California.

6. Upon information and belief, Defendant Puget Sound Import & Distributor, Inc. is a Washington corporation which has its principal place of business in the greater Seattle, Washington metro area. On information and belief, Defendant Puget Sound Import & Distributor, Inc. is doing business as Pipesdaddy.com and North West Distributors and is engaged in the business of importing, distributing, offering to sell, and selling products through its online retail website over the internet throughout the United States and the World.

7. Defendant Tariq Ahmad is an individual residing in Snohomish, Washington. Mr. Ahmad is a corporate officer, director and/or manager of Defendant Puget Sound Import & Distributor, Inc.

## JURISDICTION

8. This action arises under the Patent Act, 35 U.S.C. § 1, *et seq.* and the Lanham Act, 15 U.S.C. §§ 1051, *et seq*. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338. This Court has pendent jurisdiction on all state law claims.

9. Venue is proper under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b) in that, on information and belief, Defendants have done business in this district and a substantial part of the events giving rise to SOLO's claims occurred in or were aimed at this judicial district.

10. Defendants are subject to the personal jurisdiction of this Court as they have done business in this district. Defendants have purposefully availed themselves of the benefits of doing business in the State of California by advertising and promoting goods to the residents of Washington and by causing injury to SOLO within Washington.

## BACKGROUND AND FACTS

11. SOLO is the creator and inventor of a self-lighting pipe called the "Solopipe" ("Solopipe").

12. Solopipe is a novel invention conceived in California and marketed and sold internationally. SOLO acquired its patents, trademarks, and copyrights to protect the valuable intellectual property associated with the Solopipe.

13. SOLO undertook significant efforts and extensive costs to create and develop its Solopipe and to apply for patent registrations.

14. SOLO filed three (3) patent applications for the Solopipe with United States Patent and Trademark Office ("USPTO"), all of which were granted registration.

15. As a result of its efforts, SOLO is the owner of U.S. Design Patent Registration No. D577,150 (the "'150 Patent) for an "Integrated Smoking Implement" issued on September 16, 2008. *See* copy of the '150 Patent attached as Exhibit A.

16. SOLO is the owner of U.S. Utility Patent Registration No. 7,905,236 (the "'236 Patent) for an "Integrated Smoking Device" issued on March 15, 2011. *See* copy of the '236 Patent attached as Exhibit B.

17. SOLO is the owner of U.S. Utility Patent Registration No. 7,753,055 (the "'055 Patent) for an "Integrated Smoking Device" issued on July 13, 2010. *See* copy of the '055 Patent attached as Exhibit C.

18. In addition, SOLO filed a trademark application with the USPTO on May 24, 2007 which resulted in SOLO receiving a Trademark Registration No. 3,375,493 for the mark SOLOPIPE (the "SOLOPIPE Mark") on January 29, 2008. *See* copy of the U.S. Certificate of Registration for the mark SOLOPIPE attached as Exhibit D.

19. SOLO also owns California Trademark Registration No. 112969 for the mark SOLOPIPE. *See* copy of the California Certificate of Registration for the mark SOLOPIPE attached as Exhibit E.

20. SOLO's Solopipe is manufactured by a licensed manufacturer and sold it to licensed wholesalers and retailers across the United States and the world.

21. SOLO only licenses one manufacturer to produce its Solopipes.

22. SOLO only allows its licensees to sell the Solopipe to retailers or consumers.

23. Since 2007, SOLO has continuously used its SOLOPIPE Mark to identify its patented Solopipes from the self-lighting pipes of others.

24. SOLO undertakes significant efforts, and expends considerable sums each year, to ensure that its Solopipes cannot be purchased through any wholesaler or retailer that is not controlled or licensed by SOLO.

25. At no time has SOLO licensed or otherwise authorized Defendants to manufacture or sell its Solopipes or related products.

26. SOLO purchased a counterfeit Solopipe from Defendants' website at www.pipesdaddy.com. *See* copy of webpage order form, the invoice/packing slip and the counterfeit Solopipe that was received attached as Exhibit F.

27. In response to the purchase of the counterfeit Solopipe, SOLO has repeatedly contacted Defendants regarding Defendants' sale of infringing products. In particular, plaintiff's counsel demanded that Defendants provide the name and contact information for the supplier of the infringing products.

28. Defendants have repeatedly refused to provide SOLO with information regarding the source of the infringing products. Defendants' refusal to identify the supplier of the infringing products makes it impossible for SOLO to stop infringing products from entering the marketplace and results in this otherwise unnecessary lawsuit.

29. Defendants have no legitimate, lawful reason to refuse to identify the supplier of the infringing products.

## COUNT I
## PATENT INFRINGEMENT

30. SOLO repeats and re-alleges the allegations of paragraphs 1 through 29, as though fully set forth herein.

31. SOLO is the owner of the '150 Patent, the '236 Patent, and the '055 Patent.

32. Defendant Puget Sound Import & Distributor, Inc. doing business as Pipesdaddy.com and at the direction of Tariq Ahmad have imported, offered to sell, sold, distributed and caused to be manufactured, integrated smoking devices and/or self-lighting pipes that infringe at least one claim of the '150, '236, and '055 patents.

33. In particular, Defendant Puget Sound Import & Distributor, Inc. doing business as Pipesdaddy.com and at the direction of Tariq Ahmad sold and offered for sale unauthorized and counterfeit Solopipes. *See* Exhibit F.

34. Additionally, Defendant Puget Sound Import & Distributor, Inc. doing business as Pipesdaddy.com and at the direction of Tariq Ahmad has never been authorized to sell Solopipes but advertised the sale of the counterfeit Solopipes on its website. *Id.*

35. Defendant Puget Sound Import & Distributor, Inc. doing business as Pipesdaddy.com and at the direction of Tariq Ahmad committed patent infringement with full knowledge of the existence of SOLO's patents.

36. Defendants' sale of these counterfeit and infringing products reduced consumer demand and sale of legitimate Solopipes, damaging SOLO.

37. Defendant's sale of these counterfeit and infringing products increased the maintenance and support costs, damaging SOLO.

**COUNT II**
**TRADEMARK INFRINGEMENT, FALSE ADVERTISING, and UNFAIR BUSINESS PRACTICES**

38. SOLO repeats and re-alleges the allegations of paragraphs 1 through 37, as though fully set forth herein.

39. SOLO owns U.S. and California trademark registrations for the mark SOLOPIPE.

40. SOLO also has common law trademark rights in the SOLOPIPE Mark.

41. SOLO has placed the SOLOPIPE Mark on the integrated smoking device (Solopipe) in such a manner that the consuming public associates the word "SOLOPIPE" with a unique, integrated self-lighting pipe. The SOLOPIPE Mark is further stamped on the housing of the lighter, screen printed on the sales case, and prominently depicted on the www.solopipe.com website.

42. Defendant Puget Sound Import & Distributor, Inc. doing business as Pipesdaddy.com and at the direction of Tariq Ahmad have imported, offered to sell, sold, distributed, and caused to be manufactured, without authorization and without license from SOLO, integrated smoking devices that bear the infringing SOLOPIPE Mark.

43. In particular, Defendant Puget Sound Import & Distributor, Inc. doing business as Pipesdaddy.com and at the direction of Tariq Ahmad sold and offered for sale unauthorized and counterfeit Solopipes that infringed on the SOLOPIPE Mark. *See* Exhibit F.

44. Additionally, Defendant Puget Sound Import & Distributor, Inc. doing business as Pipesdaddy.com and at the direction of Tariq Ahmad advertised on its website the unauthorized sale of counterfeit Solopipes that infringed on the SOLO Mark. *Id.*

45. Defendant Puget Sound Import & Distributor, Inc. doing business as Pipesdaddy.com and at the direction of Tariq Ahmad committed trademark infringement with full knowledge of the existence of the SOLOPIPE Marks.

46. None of the Defendants' have sought or obtained a license from SOLO to use the SOLOPIPE Mark for use in the sale of Solopipes, counterfeit products, websites, and/or other marketing material.

47. The unauthorized use by Defendants' of the SOLOPIPE Mark on their counterfeit products has caused consumer confusion about the source and sponsorship of the counterfeit products. Such unauthorized use of the SOLOPIPE Mark in connection with websites and other printed advertisements constitutes false advertisement under both the federal and state trademark laws.

48. Defendants have repeatedly refused to provide the name and contact information of the wholesaler who sold Defendants the counterfeit Solopipes making it impossible for SOLO to stop infringing products from entering the marketplace.

49. Furthermore, as the Parties are competitors in the market for integrated smoking devices, Defendants' sale of counterfeit products bearing the unauthorized federal and state registered trademarks constitutes an unfair business practice.

**COUNT III**

**COUNTERFEITING**

50. SOLO repeats and re-alleges the allegations of paragraphs 1 through 49, as though fully set forth herein.

51. Counterfeiting has been recognized as a serious issue resulting in tremendous losses to American businesses. To combat counterfeits, Congress passed the "Anticounterfeiting Consumer Proctection Act of 1996" ("ACPA").

52. California has a similar statute in Business and Professions Code § 14250.

53. The unauthorized use by Defendants Puget Sound Import & Distributor, Inc. doing business as Pipesdaddy.com and/or North West Distributors and at the direction of Tariq Ahmad of counterfeit products that Defendants have distributed have caused and is causing consumer confusion about the source and sponsorship of these counterfeit goods.

54. Tariq Ahmad, officer, director, and/or manager of Defendant Puget Sound Import & Distributor, Inc. d/b/a Pipesdaddy.com and North West Distributors, had actual knowledge of the business activities of the respective Defendants, such as importation of counterfeit goods, or was willfully negligent to the same. Tariq Ahmad directed and materially profited from the activities of his companies' counterfeiting. As such, Tariq Ahmad is jointly and severally liable for the counterfeiting.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Solo Industries, Inc. prays that this Court grant it the following relief:

A. With regard to Plaintiff's claim for patent infringement:

1. Actual damages to be trebled for willfulness;
2. Damages according to statute;
3. Attorney's fees; and
4. Costs of Suit.

B. With regard to Plaintiff's claim for trademark infringement:

1. Defendants' profits pursuant to the Lanham Act and California Trademark Law;
2. Damages sustained by the Plaintiff for trademark infringement;
3. Attorney's fees; and
4. Costs of Suit.

C. With the regard to Plaintiff's claim for counterfeiting:

1. Defendants' profits and statutory damages of up to $ 1,000,000 per Defendant under the ACPA

2. Defendants' profits, these profits being trebled under state law;

3. Attorney's fees; and

4. Costs of Suit.

D. With regard to all claims as presented by the Plaintiff as against the Defendants:

1. Equitable relief in the form of a temporary, preliminary, and permanent injunction against all Defendants from the importation, distribution, sale, and use of any product, advertisement, and/or website that bears the SOLOPIPE Mark and/or infringes any element of the SOLOPIPE patent;

2. Monetary relief that a jury may see to award.

3. Statutory Damages of no less than $ 1,000,000.00 per Defendant, including Tariq Ahmad as an officer, director and/or manager under the ACPA.

4. Confiscation of the domain name www.Pipesdaddy.com.

5. For such other and further relief as the Court may deem just and proper.

DATED this 10th day of April, 2015

By /s/ Kevin Ryan Behrendt

Local Counsel
Kevin Ryan Behrendt CASBN#211879
13101 Washington Boulevard, Suite 407
Los Angeles, CA 90066
Phone: (310) 614-2492
Facsimile: (310) 954-9206
E-mail: kevin@dermerbehrendt.com

By /s/ Gregory D. Latham

Gregory D. Latham
*Pro Hac Vice Application Forthcoming*
Intellectual Property Consulting
201 St. Charles Avenue
New Orleans, LA 70170
T:(504) 322-7166/F:(504) 322-7184
E-mail: glatham@iplawconsulting.com

*Attorneys for Plaintiff*